USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/15/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER L. MALKIN; ANTHONY E. MALKIN; THOMAS N. KELTNER, JR; AND ESRT MH HOLDINGS L.L.C.,

                Petitioners,

-against-

VIRGINIA SHASHA AND VIVIENNE PERO, CO-TRUSTEES OF THE VIOLET SHUKER SHASHA TRUST; DANIELLE P. BARGER, TRUSTEE OF THE EDELMAN FAMILY DECEDENT'S TRUST; LAURENCE ADLER AND SHIRLEY ADLER, TRUSTEES OF THE ADLER FAMILY TRUST; MYRNA JOY EDELMAN, TRUSTEE OF THE 2006 GILBERT M. EDELMAN INTER VIVOS TRUST; EMPIRE STATE LIQUIDITY FUND, LLC; MARY JANE FALES; MELVYN H. HALPER' PHYLLIS J. HALPER; AND WENDY S. TAMIS,

                Respondents.

20 Civ. 9874 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

      On November 23, 2020, Petitioner filed a motion to vacate in part and otherwise confirm an arbitration award. ECF No. 1. That same day, Petitioner filed a motion to vacate and otherwise confirm an arbitral award. ECF No. 2. On December 7, 2020, the parties filed a joint letter with a proposed briefing schedule. That request is DENIED.

      A petition to vacate an arbitration award must be "treated as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); *see also ICC Chem. Corp. v. Nordic Tankers Trading A/S*, 186 F. Supp. 3d 296, 299–300 (S.D.N.Y. 2016). Accordingly, Petitioner must move for vacatur of the arbitral award in the form of a motion for summary judgment, in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Southern District of New York. Accordingly, it is hereby ORDERED that:

1. By **January 11, 2021**, Petitioner shall file and serve its motion for summary judgment, its statement pursuant to Local Civil Rule 56.1, and any additional materials with which it intends to support the petition, including the arbitration award, supporting documents, and any affidavits or declarations attesting that the exhibits are true and correct copies of what they purport to be;

2. By **February 1, 2021**, Respondents shall file their opposition, including their response to Petitioner's 56.1 statement; and

3. By **February 8, 2021**, Petitioner shall file its reply, if any.

4. By **December 23, 2020**, Petitioner shall serve a copy of the petition and this order upon Respondents by personal service on an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service, pursuant to N.Y. C.P.L.R. § 311.  By **December 30, 2020**, Petitioner shall file an affidavit of such service.

The Clerk of Court is directed to terminate the motions at ECF No. 2 and ECF No. 13.

SO ORDERED.

Dated: December 15, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge