# GRIGGS & ADLER, P.C.
ATTORNEYS AT LAW
2513 FOWLERS LANE
RESTON, VIRGINIA  20191-2101
(703) 716-2863  FAX (703) 716-2865
E-Mail:griggsandadler@comcast.net

DEBRA BETH ADLER +
JOHN WYETH GRIGGS*
+ Admitted DC, VA--RETIRED
* Admitted AK, DC, FL, VA

December 22, 2020

The Honorable Analisa Torres                                  VIA ECF
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

*Re: Peter L. Malkin, et al., v. Virginia Shasha, et al.,* No. 20 Civ. 09784 (AT) (RWL)

Dear Judge Torres:

Pursuant to Sections III(A) and III(B(iii) of the Court's Individual Practice Rules, we submit this pre-motion letter on behalf of Respondents Virginia Shasha and Vivienne Pero, Co-Trustees of the Violet Shuker Shasha Trust, Laurence Adler and Shirley Adler, Trustees of the Adler Family Trust, Myrna Joy Edelman, Trustee of the 2006 Gilbert M. Edelman Inter Vivos Trust, the Empire State Liquidity Fund LLC, Mary Jane Fales, Melvyn H. Halper, Phyllis J. Halper, and Wendy Tamis ("eight Respondents").  The eight Respondents seek leave to file a motion to dismiss under Rules 12(b)(4), (5), and (1), Fed. R. Civ. P.  Respondent Danielle P. Barger, Trustee of the Edelman Family Decedent's Trust is separately represented by Jose Anibal Baez, and is not a party to this letter.

On December 17, 2017, pursuant to Section III(B) of the Court's Individual Practice Rules, we submitted to the Petitioners a letter setting forth the deficiencies in the Petition to Vacate In Part and Otherwise Confirm and controlling authority that we contend warrant dismissal.  The Petitioners have not agreed to dismiss their pleading.

On November 23, 2020, the Petitioners filed their Petition to Vacate In Part and Otherwise Confirm Arbitration Award.  In an Affidavit of Service, dated December 2, 2020, Jenifer L. Salzberg states that she served the Petition by email on November, 23, 2020, on Jose Anibel Baez of the Baez Law Firm, attorney for Danielle P. Barger, Trustee of the Edelman Family Decedent's Trust.  Mr. Baez does not represent any of the above-named eight Respondents, and Ms. Salzberg knows and has always known that the eight Respondents are not represented by Mr. Baez.  Ms. Salzberg did not serve any of the above-named eight Respondents by any means within three months of the arbitrators' Final Award, the statutory vacatur deadline.

To date, the Petitioners have filed affidavits of service with respect to only six of the eight Respondents.  The affidavits, moreover, confirm that the Petitioners did not serve any of the eight Respondents within the three-month statutory deadline.  The earliest date of service was December 3, 2020, ten days after the deadline.  Affidavits of service state that two of the eight Respondents were served on December 3, 2020, three were served on December 4, 2020, and one was served on December 10, 2020.  Two Respondents were not served at all.

December 22, 2020
Page 2

      Pursuant to Section 12 of the Federal Arbitration Act, any "motion to vacate, modify, or correct an award *must be served on the adverse party or his attorney* within three months after the award is filed or delivered." 9 U.S.C. §12 (emphasis added). The Final Award was filed and delivered on August 26, 2020. A motion to vacate or modify had to be served within three months of August 26. Accordingly, the Petition to Vacate In Part and Otherwise Confirm Arbitration Award is untimely and therefore invalid. *Martin v. Deutsche Bank Securities, Inc.*, No. 16-456-cv (2d Cir. 2017) (the district court correctly ordered dismissal for failure to serve notice as required by 9 U.S.C. §12 and Fed. R. Civ. P. 5); *Florasynth Inc. v. Pickholz,* 750 F.2d 171, 174-5 (2d Cir. 1984) (Section 12 is a statute of limitation). *Accord, Webster v. A.T. Kearney, Inc.,* 507 F.3d 568, 572 (7th Cir. 2007) (service not filing is the act that stops the three-month statute of limitation); *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir. 1986); *Santos v. General Electric Co.,* No. 10-6948, 2011 WL 5563544 (S.D.N.Y. Sept. 28, 2011) (failure to serve within three months is fatal to motion to vacate); *Carpenters 46 N. Cal. Counties Conf. v. Meddles,* 535 F. Supp. 775, 777 (N.D. Cal. 1981); *DeLorto v. United Parcel Service,* 401 F. Supp. 408, 409 (D. Mass. 1975); *Chase v. Nordstrom,* No. CCB-10-2114, 2010 WL 4789442, at *2 (D. Md. Nov. 17, 2010) (filing of motion to vacate on last day of three-month period leaving no time for service within three months was fatal).

      On December 15, 2020, the Court issued an Order instructing the Petitioners to serve on the Respondents by December 23, 2020, a copy of their petition and the Court's Order pursuant to N.Y.C.P.L.R. § 311. We respectfully submit that the Court lacks jurisdiction over the petition, at least with respect to the eight Respondents who were not served or were untimely served, because the failure to make timely, proper service is fatal to the petition and cannot be cured. Equitable tolling is not available to cure or extend a deadline or limitation clearly stated by statute. *Taylor,* 788 F.2d at 225-6; *Parsons, Brinkerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors,* 647 F. Supp. 2d 587, 594 (D. Md. 2009). We accordingly ask the Court to reconsider its Order and dismiss the Petition as barred by the statute of limitations.

      Alternatively, the Court's December 15, 2020 Order must be limited only to the Edelman Family Decedent's Trust, the party that purportedly was served by agreement. Regardless of whether Mr. Baez agreed to accept service on behalf of the Edelman Family Decedent's Trust, the other eight Respondents were not bound by any agreement made by Mr. Baez with respect to his own client. In fact, the November 23, 2020 Affidavit of Service by email filed by Ms. Salzberg confirms that any agreement to accept service was made on behalf of Trustee Danielle Barger only and did not include any other Respondents.

      The Petitioners were required to serve the Respondents within the statutory deadline. They did not do so. The Petition to Vacate In Part and Otherwise Confirm Arbitration Award is therefore invalid at least as to the eight Respondents who were not timely or properly served. The eight Respondents hereby seek leave to file a motion to dismiss for insufficient process, insufficient service of process, and lack of jurisdiction of the subject matter pursuant to Rules 12 (b)(4), (5), and (1).

                                                                      Respectfully submitted,

Peter M. Levine                                           John W. Griggs
*Counsel for 8 Respondents*                        *Pro Hac Vice Counsel for 8 Respondents*
                                                                          Dkt. No. 14-cv-9989