**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

PETER L. MALKIN, ANTHONY E. MALKIN,  )
THOMAS N. KELTNER, JR, AND  )
ESRT MH HOLDINGS, LLC,  )
  )
        Petitioners,  )
  )
  -against-  )  Civil Action No. 20 Civ. 9874 (AT)
  )
VIRGINIA SHASHA AND VIVIENNE PERO,  )
CO-TRUSTEES OF THE VIOLET SHUKER  )
SHASHA TRUST, LAURENCE ADLER AND  )
SHIRLEY ADLER, TRUSTEES OF THE ADLER )
FAMILY TRUST, MYRNA JOY EDELMAN,  )
TRUSTEE OF THE 2006 GILBERT M.  )
EDELMAN INTER VIVOS TRUST, THE  )
EMPIRE STATE LIQUIDITY FUND LLC,  )
MARY JANE FALES, MELVYN H. HALPER,  )
PHYLLIS J. HALPER, AND WENDY TAMIS,  )
  )
        Respondents.  )
_____)

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION**
**TO VACATE IN PART AND OTHERWISE CONFIRM**

Peter M. Levine      John Wyeth Griggs
444 Madison Avenue, Suite 410  Griggs & Adler, P.C.
New York, NY 10016    2513 Fowlers Lane
(212) 599-0009     Reston, VA 20191
chief@pmlevinelaw.com   (703)716-2863; Fax (703)716-2865
*Counsel for MTD Respondents*  griggsandadler@comcast.net
          *Pro Hac Vice Counsel for MTD Respondents*

## <u>TABLE OF CONTENTS</u>

Statement of Facts.................................................................................................1

Argument ...............................................................................................................4

    A.  Standard of Review..............................................................................4

    B.  Petitioners Did Not Comply with Section 12 of the FAA ...................5

    1.  The Federal Arbitration Act .................................................................5

    2.  Service under Section 12 of the FAA....................................................6

    3.  The Contentions in Petitioners' Letter Response Are Without Merit ............................8

        a.  The Court's December 15 Order Did Not Extend the Section 12 Deadline ............8
        b.  Equitable Modification of the Statutory Deadline Is Not Available........................9
        c.  Cases Cited by Petitioners Do Not Support Their Arguments...............................10

Conclusion ...........................................................................................................12

# **TABLE OF AUTHORITIES**

## Cases

*Argentine Republic v. National Grid PLC,* 637 F.3d 365 (D.C. Cir. 2011) ............................ 6, 9

*Carpenters 46 N. Cal. Counties Conf. v. Meddles,* 535 F. Supp. 775 (N.D. Cal. 1981) ............... 5

*Broome v. Am. Family Life Assurance Co. of Columbus,* No. C.A. 19-1967(MN) (D. Del.2020).7

*Chase v. Nordstrom,* No. CCB-10-2114, 2010 WL 4789442 (D. Md. Nov. 17, 2010)................. 9

*Dalla-Longa v. Magnetar Capital LLC*, No. 19 Civ. 11246 (LGS) (S.D.N.Y.August 4, 2020) .... 8

*DeLorto v. United Parcel Service,* 401 F. Supp. 408 (D. Mass. 1975) .......................................... 5

*Doctor's Associates, Inc. v. Stuart,* 85 F.3d 975 (2d Cir. 1996),.................................................. 10

*Dwyer v. Regan*, 777 F.2d 825 (2d Cir.1985), *reh'g denied*, 793 F.2d 457 (2d Cir.1986) ............. 4

*Eagle Energy, Inc. v. United Mine Workers*, 177 F.R.D. 357, 359 (S.D. W.Va. 1998).................7

*Florasynth Inc. v. Pickholz,* 750 F.2d 171 (2d Cir. 1984)................................................5, 6, 7, 9

*Glaser v. Legg,* 928 F. Supp. 2d 236 (D. D.C. 2013). ..................................................................... 5

*Hamilton v. Navient Sols., LLC,* No. 18 Civ. 5432 (PAC), 2019 WL 633066 (S.D.N.Y. Feb. 14, 2019) ......................................................................................................................................... 9, 11

*Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F. Supp. 283 (S.D.N.Y.), *aff'd.,* 946 F.2d 883 (2d Cir. 1991) .................................................................................................................. 4

*In Re Focus Media Inc.,* 387 F.3d 1077 (9th Cir. 2004)................................................................. 9

*In Re Hildreth,* 362 B.R. 523 (Bankr. M.D. Ala. 2007) ................................................................. 9

*KPN B.V. v. Corcyra D.O.O.,* No. 08 CIV. 1549 (JGK), 2009 WL 690119 (S.D.N.Y. Mar. 16, 2009), ............................................................................................................................................ 11

*Lawson-Jackson v. Rosenhaus,* D. Md. No. TDC-16-4049 (Sept. 12, 2017)................................. 9

*Luedke v. Delta Air Lines, Inc.,* 159 B.R. 385 (S.D.N.Y. 1993)..................................................... 9

*Martin v. Deutsche Bank Securities, Inc.,* 676 F. App'x 27 (2d Cir. 2017), ................... 5, 6, 7, 8

*Matter of Paddington Press, Ltd.,* 5 B.R. 343 (Bankr. S.D.N.Y. 1980) .......................................... 9

*PTA-FLA, Inc., v. ZTE USA, Inc.*, 2015 WL 12819186 (M.D. Fla. 2015) ................................... 7

*Santos v. General Electric Co.,* No. 10-6948, 2011 WL 5563544 (S.D.N.Y. Sept. 28, 2011)....... 5

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ................................................................................... 4

*Sheet Metal Workers' Int'l Ass'n Local 252 v. Standard Sheet Metal*, 699 F.2d 481 (9th Cir.1983). ....................................................................................................................................... 5

*Taylor v. Nelson,* 788 F.2d 220 (4th Cir. 1986) ..................................................................... 5, 6, 9

*Thompson v. Turner*, 2 F.3d 1158 (9th Cir. 1993) .......................................................................... 6

*United States v. Machat,* No. 08–CV–7936, 2009 WL 3029303 (S.D.N.Y. Sept. 21, 2009)....... 11

*Webster v. A.T. Kearney, Inc.,* 507 F.3d 568 (7th Cir. 2007) ......................................................... 5

### Statutes

9 U.S.C. §12............................................................................................................................ passim

N.Y. C.P.L.R. § 311.......................................................................................................................... 3

### Rules

Rule 5, F. R. Civ. P. ........................................................................................................................ 8

### Treatises

4B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1165............................. 9

*Service of Process on Defendants' Counsel in an Adversary Proceeding,* American Bankruptcy Institute Journal (June 2005)................................................................................................... 10

*Cases principally relied upon are designated by asterisk.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION**

Pursuant to Section III.(B) of the Court's Individual Practices Rules, Rules 12(b)(6),

(b)(4), and (b)(5), F. R. Civ. P., and the Court's Order dated January 21, 2021, (ECF No. 42), we

submit this Memorandum in Support of Motion to Dismiss Petition on behalf of Respondents

Virginia Shasha and Vivienne Pero, Co-Trustees of the Violet Shuker Shasha Trust, Laurence

Adler and Shirley Adler, Trustees of the Adler Family Trust, Myrna Joy Edelman, Trustee of the

2006 Gilbert M. Edelman Inter Vivos Trust, the Empire State Liquidity Fund LLC, Mary Jane

Fales, Melvyn H. Halper, Phyllis J. Halper, and Wendy Tamis ("MTD Respondents").  By filing

this memorandum, the MTD Respondents do not waive any objections on the merits to the

Petition to Vacate in Part and Otherwise Confirm Arbitration Award ("Petition") (ECF No. 1).

The Petition should be dismissed for failure to state a claim upon which relief can be

granted.  The Petition violates Section 12 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 12,

because it was not served on the MTD Respondents within three months of the arbitrators' Final

Award.  In addition, the Petition should be dismissed for insufficient process and insufficient

service of process.

**STATEMENT OF FACTS**

Petitioners seek to vacate in part and otherwise confirm the Final Award entered on

August 26, 2020, in *Virginia Shasha and Vivienne Pero, Co-Trustees, et al. v. Peter L. Malkin, et*

*al.,* AAA No. 01-14-0001-6986.  (Petition at 1-2).  The Final Award concluded an arbitration

commenced in 2014 before the American Arbitration Association ("AAA") by the MTD

Respondents.  (Petition at 2-3, 12).  The MTD Respondents were eight of the twelve original claimants, and Petitioners were the respondents in the arbitration.  (Petition at 1-2, 5-7).[1]

The deadline for filing and service of a petition to vacate or modify the Final Award was three months after issuance of the Final Award, or November 24, 2020.  The Petition at issue was filed on November 23, 2020.  (ECF No. 1).  On November 23, 2020, at 10:08 p.m., counsel for Petitioners, Jenifer Salzberg, sent an email to counsel for the MTD Respondents forwarding the Petition and related documents.  (Petitioners' December 31, 2020 Letter Response at 2) (ECF No. 35 at 2).  The last line of the email stated as follows: "Please let us know if you will accept service on behalf of your clients."  Counsel for the MTD Respondents did not respond or otherwise notify Petitioners that they would accept service on behalf of the MTD Respondents. (Petitioners' December 31, 2020 Letter Response at 2).

On December 2, 2020, Ms. Salzberg filed an affidavit of service stating that she had served Danielle Barger, Trustee of the Edelman Family Trust, on November 23, 2020, and that service by email was accepted by her counsel, Jose Baez. (ECF No. 12).  Neither counsel for the MTD Respondents nor any of the MTD Respondents was served in person or by any other means on November 23 or November 24, or for another nine days.  On December 3, 2020, the earliest service on any of the MTD Respondents was made on Melvyn Halper and Phyllis Halper.  (*See,* Affidavits of Service on Melvyn Halper and Phyllis Halper) (ECF No. 14, ECF No. 15). Petitioners filed no affidavit of service on any of the MTD Respondents prior to that time.

---

[1] On December 18, 2014, the MTD Respondents were among Plaintiffs who filed a complaint with this Court that was stayed on January 11, 2015, pending completion of the arbitration.  (Docket No. 1:14-cv-09989 (AT)(RWL), ECF No. 24).  Pursuant to the Court's order, the parties filed joint status reports approximately every sixty days up through, and including, August 31, 2020. (Docket No. 1:14-cv-09989 (AT)(RWL), ECF No. 162).  Post arbitration proceedings are now underway in that docket.

On December 7, 2020, Petitioners and counsel for Danielle P. Barger filed a joint letter motion requesting, *inter alia*, extensions of three weeks for Ms. Barger to file an opposition to the Petition and three weeks for Petitioners to file a reply. (ECF No. 13). The joint letter concluded with the statement: "The requests were communicated this afternoon to John Griggs, who we believe to be counsel for the remaining parties. We have been advised that he does not consent." (*Id.* at 2). Petitioners did not disclose to the Court that *none* of the MTD Respondents had been timely served.

On December 15, 2020, the Court issued an order denying the extensions requested in the joint letter motion and ordering Petitioners to serve a copy of the Petition and the Court's Order on Respondents by December 23, 2020, pursuant to N.Y. C.P.L.R. § 311. (ECF No. 21). The Court also ordered Petitioners to file a motion for summary judgment, and the Court set a summary judgment briefing schedule. On December 17, 2020, the MTD Respondents by letter advised Petitioners that they had not been served before the statutory vacatur deadline, and on December 22, 2020, filed a letter motion advising the Court of Petitioners' insufficient service and seeking leave to file a motion to dismiss. (ECF No. 25). More specifically, the letter informed the Court that Petitioners did not serve any of the eight MTD Respondents within the three-month statutory deadline. (*Id.* at 1). Petitioners' affidavits of service, moreover, confirm that two of the eight MTD Respondents were served on December 3, 2020, three were served on December 4, and one was served on December 10. (ECF Nos. 14, 15, 16, 17, 19, 20). Two MTD Respondents had not been served at all before the Court's December 15 Order.

On December 31, 2020, Petitioners filed a response to the MTD Respondents' letter stating that the MTD Respondents should have waited until December 24 to file their letter with the Court, despite an obligation to inform the Court of issues arising from the December 15

3

Order, and notwithstanding that an additional two days would not have changed the substance of

Petitioners' response.  (ECF No. 35).  Petitioners argued that their service by email on Mr.

Griggs, without his consent, was effective service of process on the clients he represented in

related matters.  (*Id*. at 2).  Petitioners suggested in addition that their failure of timely service

was overridden by the Court's December 15, 2020 Order, which purportedly gave them a one-

month extension of the statutory deadline.  (*Id*. at 2).

On January 19, 2021, the Court granted the MTD Respondents' letter motion, providing

leave to file this motion to dismiss the Petition, and stayed the summary judgment briefing

schedule as to the MTD Respondents.  (ECF No. 42).

## ARGUMENT

### A.  Standard of Review

The standard for review of a motion to dismiss under Rule 12(b) is well settled.  The

court must take the factual allegations of the pleading as true and construe them in a light most

favorable to the nonmoving party.  The motion to dismiss is granted if, assuming the facts stated

in the pleading are true, relief cannot be granted as a matter of law.  *See, Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974); *Dwyer v. Regan*, 777 F.2d 825, 828-29 (2d Cir.1985), *reh'g denied*, 793

F.2d 457 (2d Cir.1986); *Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F. Supp. 283,

287 (S.D.N.Y.), *aff'd.*, 946 F.2d 883 (2d Cir. 1991).  Accordingly, for the purposes of this

motion, we accept as true the allegations of the Petition (ECF No. 1) and the affidavits of service

filed by Petitioners.[2]

---

[2] Petitioners' Motion to Vacate in Part and Otherwise Confirm Arbitration Award ("Motion")
(ECF No. 2) and Memorandum in Support of Motion to Vacate in Part ("Memorandum") (ECF
No. 3) were filed along with the Petition but are no longer *sui juris*, the Court having terminated
the Motion in its Order of December 15, 2020.  (ECF No. 21 at 2).

**B. Petitioners Did Not Comply with Section 12 of the FAA**

Section 12 of the Federal Arbitration Act requires that any "motion to vacate, modify, or correct an award *must be served on the adverse party or his attorney* within three months after the award is filed or delivered."  9 U.S.C. §12 (emphasis added).  The Final Award was filed and delivered on August 26, 2020.  A motion to vacate or modify had to be served within three months of August 26.  Accordingly, the Petition to Vacate in Part and Otherwise Confirm Arbitration Award was required to be filed *and served* on all adverse parties or their attorneys on or before November 24, 2020.  Petitioners did not serve any of the MTD Respondents or their attorney within three months of the issuance of the Final Award, and their Petition is therefore untimely.  *Florasynth Inc. v. Pickholz,* 750 F.2d 171, 174-175 (2d Cir. 1984) (there are no exceptions to the three-month statute of limitations); *Martin v. Deutsche Bank Securities, Inc.,*, 676 F. App'x 27  (2d Cir. 2017) (service on attorney by email does not comply with Section 12); *Webster v. A.T. Kearney, Inc.,* 507 F.3d 568, 572 (7th Cir. 2007) (service, not filing, is the act that stops the three-month statute of limitations); *Santos v. General Electric Co.,* No. 10-6948, 2011 WL 5563544 (S.D.N.Y. Sept. 28, 2011) (failure to serve within three months is fatal to motion to vacate).  *Accord, Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir. 1986); *Sheet Metal Workers' Int'l Ass'n Local 252 v. Standard Sheet Metal*, 699 F.2d 481, 483 (9th Cir.1983); *Carpenters 46 N. Cal. Counties Conf. v. Meddles,* 535 F. Supp. 775, 777 (N.D. Cal. 1981); *DeLorto v. United Parcel Service,* 401 F. Supp. 408, 409 (D. Mass. 1975); *Glaser v. Legg,* 928 F. Supp. 2d 236, 240 (D. D.C. 2013).

**1. The Federal Arbitration Act**

Petitioners' failure to comply with Section 12 of the FAA leaves this Court without jurisdiction to vacate the Final Award.  In *Florasynth Inc. v. Pickholz,* the issue before the Court

was whether a party dissatisfied with the results of an arbitration could wait past three months until the opposing party moved to confirm the award and then move to vacate as a defense to the confirmation.  In rejecting this approach, the Court reviewed the structure of the FAA, noting that Section 9 allows a party up to one year to confirm an arbitration award, while Section 12 provides only three months within which to file a motion to vacate an award.  The Court held that Section 12 provides the exclusive remedy for vacatur and that "[n]o exception to this three month limitations period is mentioned in the statute."  750 F.2d at 175.  The Court also noted that "there is no common law exception to the three month limitations period," and stated:

> It is settled that where by statute a right of action is given which did not exist by the common law, and the statute giving the right fixes the time period within which the right may be enforced, the time so fixed becomes a limitation on such right.

*Id.*  The Court referred to Section 12 as a "statute of limitations," *id.* at 174, and held that failure to move to vacate within the three-month time frame precludes vacatur relief.  *Accord*, *Martin, supra* (*citing, Florasynth*)*; Thompson v. Turner*, 2 F.3d 1158 (9th Cir. 1993); *Taylor v. Nelson*, 788 F.2d at 225 (*citing, Florasynth*); *Argentine Republic v. National Grid PLC,* 637 F.3d 365, 368-369 (D.C. Cir. 2011).

The Petition did not comply with Section 12 of the FAA and therefore must be dismissed.

**2.  Service under Section 12 of the FAA**

Petitioners waited eighty-nine of the ninety days allowed by Section 12, and then, on the next to last day, sent to counsel for the MTD Respondents an email transmitting the Petition and requesting that counsel accept service on behalf of the MTD Respondents.  (ECF No. 35 at 2).  Petitioners claim that this constitutes valid service.  Petitioners are wrong.

Service as attempted by Petitioners does not comply with Section 12 of the FAA, which states:

> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney *as prescribed by law for service of notice of motion in an action in the same court*. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. (Emphasis added).

9 U.S.C. §12.  In order to be "as prescribed by law for service of notice of motion," service must comply with Rule 5, F. R. Civ. P., if the respondent is a resident of the same district.[3]  This very issue was decided by the Second Circuit in *Martin v. Deutsche Bank Securities, Inc.,* 676 F. App'x 27 (2d Cir. 2017), a case nearly "on all fours" with the present case.

> Where, as here, the adverse party is a "resident of the district within which the award was made," service must be made "as prescribed by law for service of notice of motion in an action in the same court," 9 U.S.C. § 12, *i.e.*, as provided by Fed. R. Civ. P. 5.

*Id.* at 29.  Here, as in *Martin*, service did not comply with Rule 5.

Rule 5 does not explicitly allow service by email, but Rule 5(b)(2)(F) allows "delivery by any other means that the person consented to in writing."  In *Martin,* as in this case, the petitioner claimed to have effected timely service by attaching his petition to an email *inquiring* if respondent's attorney would accept service by email.  There, as here, the petitioner argued that consent could be implied by the parties' pattern and practice of communicating by email in the arbitration.  The Court rejected this contention, holding that, absent express written consent to electronic service, service by email is invalid.

> The argument fails because the plain language of Rule 5 requires the recipient of electronic service to have "consented in writing," which was not done here.

---

[3] Petitioners are not helped by the fact that most of the MTD Respondents are nonresidents of the district within which the award was made.  Under FAA Section 12, nonresidents "*shall be served*" by U.S. Marshal in the district where they reside.  *Broome v. Am. Family Life Assurance Co. of Columbus,* No. C.A. 19-1967 (MN) (D. Del 2020); *PTA-FLA, Inc., v. ZTE US*A, *Inc.*, 2015 WL 12819186, at *8 (M.D. Fla. 2015); *Eagle Energy, Inc. v. United Mine Workers*, 177 F.R.D. 357, 359 (S.D. W.Va. 1998).  None was served by U.S. Marshal Service.

Further, the advisory committee notes to the Rule explain that the requisite consent "must be express, and cannot be implied from conduct."

*Id.* at 29.[4]   The *Martin* petitioner also argued that the respondent's attorney had agreed to accept email service, but, because the agreement was conditional and Martin had not agreed to the condition, the Court held there was no "express consent to electronic service." *Id.* at 29. *Accord, Dalla-Longa v. Magnetar Capital LLC*, No. 19 Civ. 11246 (LGS) (S.D.N.Y. August 4, 2020) (service of petition to vacate by email without written consent was improper and untimely, citing *Martin*).

The MTD Respondents neither agreed conditionally nor expressly to service by email. Accordingly, Petitioners' attempted service by email was ineffective because it failed to comply with Rule 5(b)(2)(F).

### 3.   The Contentions in Petitioners' Letter Response Are Without Merit

#### a.   The Court's December 15 Order Did Not Extend the Section 12 Deadline

In their December 31, 2020 letter response, Petitioners assert that their "e-mail to Mr. Griggs including the filed Petition and related documents was proper service." (ECF No. 35 at 2). This contention is incorrect and, moreover, is plainly contradicted by Petitioners' failure to file an affidavit of service so stating. Petitioners' letter response also states that "service was indisputably timely as to the Respondent represented by Mr. Baez." (*Id.* at 2). This statement is irrelevant. Timely service on Mr. Baez does not equate to timely service on the MTD Respondents.

---

[4] Rule 5, F. R. Civ. P., Advisory Notes 2001, state that the Rule "authorizes service by electronic means or any other means, but only if consent is obtained from the person served. *The consent must be express, and cannot be implied from conduct.*" (Emphasis added).

8

Petitioners' argument appears to be that the Court's Order of December 15, 2020, scheduling summary judgment procedures excused Petitioners' failure to comply with FAA Section 12 and extended the time within which to effect service of the Petition on the MTD Respondents.  This argument has no merit.  There is no indication in the December 15 Order that the Court intended to extend the statute of limitations for Petitioners.  Furthermore, the Court has no power to modify the statutory limitation.  *Florasynth,* 750 F.2d at 175.  In granting a motion to extend a time limit, the Court is acting under Rule 6(b), which allows it to extend court-imposed deadlines, not time limits imposed by statute.  "Every court to have considered this question has held that Rule 6(b) may be used only to extend time limits imposed by the court itself or by other Federal Rules, but not by statute." *Argentine v. National Grid PLC,* 637 F.3d at 368, *citing, inter alia,* 4B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1165.

The Court, therefore, did not and could not extend Petitioners' three-month deadline to file and serve their Petition.

### b. Equitable Modification of the Statutory Deadline Is Not Available

Petitioners also appear to be arguing that they are entitled to some form of equitable relief from the statute of limitations.  However, no such relief is available.  Numerous decisions have rejected such requests, even when service is only a day late.  *See, Taylor v. Nelson,* 788 F.2d at 225-26; *Chase v. Nordstrom,* No. CCB-10-2114, 2010 WL 4789442, at *2 (D. Md. Nov. 17, 2010) (filing of motion to vacate on last day of three-month period leaving no time for service within three months was fatal); *Lawson-Jackson v. Rosenhaus, et al.,* D. Md. No. TDC-16-4049 (Sept. 12, 2017) (equitable tolling of three-month limitations period for filing of petition to vacate is not available under FAA Section 12); *Hamilton v. Navient Sols., LLC,* 18 Civ. 5432

(PAC), 2019 WL 633066 (S.D.N.Y. Feb. 14, 2019) (dismissed motion to vacate that was only one day past the three-month deadline).

Even if equitable relief were available, which it is not, Petitioners provide no compelling grounds for such relief. Petitioners could have filed their Petition in September, October, or earlier in November. Instead, they waited until one day before the deadline, allowing insufficient time to comply with the rules governing proper service, and then allege that the MTD Respondents are at fault and that the Court should grant Petitioners equitable relief not available under the law.

### c.   Cases Cited by Petitioners Do Not Support Their Arguments

Petitioners assert in their letter response that the "only logical result," that Mr. Griggs was properly served, "is compelled by the case law." (ECF No. 35 at 2). However, Petitioners failed to cite a *single case* that supports this position. Four of the cases[5] cited by Petitioners as supporting authority are distinguishable because they concern service of documents in bankruptcy cases, which are subject to Bankruptcy Rules with more lenient service requirements.

> While similar in many respects, there are significant differences between the Federal Rules of Civil Procedure (FRCP) and the Federal Rules of Bankruptcy Procedure regarding service of process. Under the FRCP, an individual defendant can be served with process under the law of the state in which the court is located or the state in which the defendant is served...The Bankruptcy Rules are somewhat more forgiving. First, the Bankruptcy Rules provide for nationwide service of process and nationwide personal jurisdiction, regardless of the state in which the bankruptcy case has been filed....Additionally, the Bankruptcy Rules specifically provide for service by first-class mail and upon agents....One particular issue that has arisen in connection with service of process under the Bankruptcy Rules is whether a defendant's counsel is an agent upon whom a debtor can serve a summons and complaint in an adversary proceeding. The short answer is that many bankruptcy courts, as well as the U.S. Court of Appeals for

---

[5] *In Re Focus Media Inc.,* 387 F.3d 1077 (9th Cir. 2004); *Matter of Paddington Press, Ltd.,* 5 B.R. 343 (Bankr. S.D.N.Y. 1980); *Luedke v. Delta Air Lines, Inc.,* 159 B.R. 385 (S.D.N.Y. 1993); *In Re Hildreth,* 362 B.R. 523 (Bankr. M.D. Ala. 2007).

the Ninth Circuit, have found that an attorney's implied authority to accept service is permissible as long as due process is served.

*Service of Process on Defendants' Counsel in an Adversary Proceeding*, American Bankruptcy Institute Journal at 1-2 (June 2005).  These cases are irrelevant.  The Bankruptcy Rules are not applicable to a petition in a case that does not involve bankruptcy.

Petitioners also cite *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975 (2d Cir. 1996), which involves adequacy of service of notice under AAA Rule 40, and thus is also irrelevant.  Two other cases cited by Petitioners, *United States v. Machat*, No. 08–CV–7936, 2009 WL 3029303, at *4 (S.D.N.Y. Sept. 21, 2009), and *KPN B.V. v. Corcyra D.O.O.*, No. 08 CIV. 1549 (JGK), 2009 WL 690119, at *2 (S.D.N.Y. Mar. 16, 2009), involve court approval of substitute service of process on persons located abroad who were intentionally evading service.  These cases are similarly irrelevant.

Petitioners' December 31 letter cites only one case related to the FAA limitations statute, and this case actually supports dismissal of their Petition.  In *Hamilton v. Navient Sols., LLC*, 18 Civ. 5432 (PAC), 2019 WL 633066 (S.D.N.Y. Feb. 14, 2019), a final arbitration award was issued on March 19, 2018.  A vacatur motion was filed on June 15, 2018, and was served on the adverse party on June 20, 2018, one day outside the three-month limitations period.  The Court dismissed the motion to vacate as untimely.  Petitioners nevertheless point to dicta saying that the petitioner "could have emailed her application for vacatur... or otherwise provided notice on time" as support for their tardy service in the instant case.  *Id.* at*4.  The case is unhelpful to Petitioners because, as noted above, such service by email still would have required express written consent of the receiving party.

Petitioners insinuate wrongdoing by the MTD Respondents and their counsel. Petitioners state that "counsel's failure to respond in any way—when the Federal Rules impose a

11

duty to avoid unnecessary expense of service and in the midst of a pandemic—is itself highly troubling." (ECF No. 35 at 3). This statement is gratuitous. Equitable relief from the statutory deadline is not available. The statement furthermore obscures the fact that Petitioners' request was sent at 10:08 p.m. on November 23, 2020, leaving counsel for the MTD Respondents only one day to contact all eight clients, to obtain consent from the clients to cure Petitioners' failure to perfect timely service, and to report back to Petitioners in writing consenting to service by email instead. Petitioners' position is as unreasonable as it is irrelevant. Petitioners cannot shift blame for their filing error to opposing counsel or the MTD Respondents.

## CONCLUSION

For the foregoing reasons, the MTD Respondents respectfully move that the Court:

1. Issue an order dismissing the Petition to Vacate in Part and Otherwise Confirm Arbitration Award;

2. Award the MTD Respondents costs and reasonable attorney fees incurred in connection herewith; and

3. Award the MTD Respondents such additional relief as the Court deems just and proper.

Dated: February 21, 2021                    Respectfully submitted,

                                            GRIGGS & ADLER, P.C.

                                             /s/ John W. Griggs
                                            John Wyeth Griggs
                                            2513 Fowlers Lane
                                            Reston, VA 20191
                                            (703)716-2863
Peter M. Levine                             Fax: (703)716-2865
444 Madison Avenue, Suite 410               griggsandadler@comcast.net
New York, NY 10016                          *Pro Hac Vice Counsel for MTD Respondents*
(212) 599-0009
chief@pmlevinelaw.com
*Counsel for MTD Respondents*