USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/4/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER L. MALKIN; ANTHONY E. MALKIN; THOMAS N. KELTNER, JR; AND ESRT MH HOLDINGS L.L.C.,

                        Petitioners,

-against-

VIRGINIA SHASHA AND VIVIENNE PERO, CO-TRUSTEES OF THE VIOLET SHUKER SHASHA TRUST; DANIELLE P. BARGER, TRUSTEE OF THE EDELMAN FAMILY DECEDENT'S TRUST; LAURENCE ADLER AND SHIRLEY ADLER, TRUSTEES OF THE ADLER FAMILY TRUST; MYRNA JOY EDELMAN, TRUSTEE OF THE 2006 GILBERT M. EDELMAN INTER VIVOS TRUST; EMPIRE STATE LIQUIDITY FUND, LLC; MARY JANE FALES; MELVYN H. HALPER; PHYLLIS J. HALPER; AND WENDY S. TAMIS,

                        Respondents.

20 Civ. 9874 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       Petitioners, Peter L. Malkin, Anthony E. Malkin, Thomas N. Keltner, Jr., and ESRT MH Holdings L.L.C., bring this proceeding to vacate in part and otherwise confirm an arbitration award issued by the American Arbitration Association ("AAA"), resolving a dispute between them and Respondents, Virginia Shasha and Vivienne Pero, Co-Trustees of the Violet Shuker Shasha Trust; Laurence Adler and Shirley Adler, Trustees of the Adler Family Trust; Myrna Joy Edelman, Trustee of the 2006 Gilbert M. Edelman Inter Vivos Trust; Empire State Liquidity Fund, LLC; Mary Jane Fales; Melvyn H. Halper; Phyllis J. Halper; Wendy S. Tamis (collectively, the "MTD Respondents"); and Danielle P. Barger, Trustee of the Edelman Family Decedent's Trust (together with the MTD Respondents, "Respondents"). Pet. at 1–2, ECF No. 1. Before the Court is the MTD Respondents' motion to dismiss the

petition (1) pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that the petition is time barred pursuant to § 12 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 12; (2) under Rule 12(b)(4) because of "insufficient process"; and (3) under Rule 12(b)(5) due to "insufficient service of process." MTD Resp. Mot., ECF No. 46. For the reasons stated below, the MTD Respondents' motion is GRANTED.

## BACKGROUND

The following facts are taken from the petition and are presumed to be true for the purposes of deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

Petitioners Peter L. Malkin, Anthony E. Malkin, and Keltner were members of Empire State Building Associates, LLC ("ESBA") and principals of Malkin Holdings, and hold various positions at Petitioner ESRT MH Holdings L.L.C. ("ESRT"). Pet. ¶¶ 13–15. ESRT is a successor entity to Malkin Holdings. *Id*. ¶ 16.

ESBA was formed as a partnership to acquire and hold a long-term lease to the Empire State Building, expiring in 2076. *Id*. ¶ 29. The ownership of ESBA was divided into three groups, each with 1,000 "participation interests," the owners of which are referred to as "Participants." *Id*. All Respondents held participation interests in ESBA and are thus Participants. *Id*. ¶¶ 17–25. Malkin Holdings served as a supervisor of ESBA, performing the functions of an asset manager on behalf of the Participants, and received a fixed annual fee for those services. *Id*. ¶ 30. In 1991, and on two subsequent occasions, Malkin Holdings solicited the consent of Participants to share 10 percent of the net proceeds of any capital transaction with Malkin Holdings. *Id*. ¶¶ 31–32. These requests became known as the "Overrides," and resemble modern day carried interest. *Id*. For those Participants opting into the Overrides, Malkin Holdings agreed to reduce its fees. *Id*.

2

In 2011, Malkin Holdings announced that it planned a transaction in which ESBA, along with other real estate investments Malkin Holdings supervised, would be consolidated and contributed to a publicly traded real estate investment trust in an initial public offering (the "Transaction").  *Id*. ¶ 35.  Because the Transaction constituted a capital transaction, Malkin Holdings advised investors that the Overrides would be triggered as part of the Transaction.  *Id*. ¶ 36.  At the time of the Transaction, Participants holding approximately 94 percent of the interest in ESBA had agreed to the Overrides.  *Id*. ¶ 32.  When the Transaction was announced, a series of class actions were filed contesting whether the Transaction triggered the Overrides.  *Id*. ¶¶ 38–39.  Respondents opted out of these class actions.  *Id.* ¶ 39.

In October 2014, Respondents filed an AAA arbitration proceeding against Petitioners, asserting contractual and fiduciary breaches, and federal securities law violations.  *Id*. ¶ 46.  On August 26, 2020, the panel of arbiters (the "Panel"), issued a 100-page award (the "Award"), which, among other things, found that the Overrides were unenforceable against Respondents because there was no consideration for them, and rejected Petitioners' counterclaim for defamation against the Edelman Trust.  *Id*. ¶¶ 53, 55, 57; ECF No. 4-1.

On November 23, 2020, Petitioners filed the instant petition to vacate in part, and otherwise confirm, the Award.  Pet. at 1.  On that same day, Petitioners' counsel emailed, John Wyeth Griggs, counsel for the MTD Respondents, asking whether Griggs would accept service by email on behalf of the MTD Respondents.  ECF No. 35 at 2.  Griggs did not respond.  *Id*.  On December 2, 2020, Petitioners' counsel filed an affidavit of service, attesting that Jose Anibal Baez, counsel for Respondent Danielle P. Barger, consented to the acceptance of service on behalf of Barger via email.  ECF No. 12.  Petitioners filed affidavits of service for the MTD Respondents between December 10 and 14, 2020, indicating that two Respondents were served on December 3, three were served on December 4, and one was served on December 10, by

3

personal service. ECF Nos. 14–17, 19–20; ECF No. 25 at 1. The two remaining Respondents were not served until December 23, 2020. ECF Nos. 28, 32. On December 22, 2020, Griggs filed a letter indicating that Petitioners failed to serve the MTD Respondents within the three-month statutory deadline. ECF No. 25. The MTD Respondents now move to dismiss the petition.

## DISCUSSION

I. Rule 12(b)(6)

A. Legal Standard

"Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Lucesco Inc. v. Republic of Argentina*, 788 F. App'x 764, 767 (2d Cir. 2019) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion to dismiss, a court may consider not only the complaint's factual allegations and documents attached to, or incorporated by reference in, the complaint but also "matters of which judicial notice may be taken," and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing the suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Courts may take judicial notice of any facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Cox v. Perfect Bldg. Maint. Corp.*, No. 16 Civ. 7474, 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017) (quoting Fed. R. Evid. 201(b)). Materials appropriate for judicial notice include arbitration filings. *See, e.g.*, *Plumbing Supply, LLC v. ExxonMobil Oil Corp.*, No. 14 Civ. 3674, 2017 WL 3913020, at *6 n.3 (S.D.N.Y. Sept. 5, 2017).

B. Analysis

The MTD Respondents move to dismiss the petition on the ground that Petitioners failed to serve them within the three-month statutory period required by the FAA. MTD Resp. Mem. at 1, ECF No. 47. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. This three-month limitation is "absolute" and "strictly construed." *Anglim v. Vertical Grp.*, No. 16 Civ. 3269, 2017 WL 543245, at *7 (S.D.N.Y. Feb. 10, 2017) (internal quotation marks and citation omitted); *see also Barclays Cap. Inc. v. Hache*, No. 16 Civ. 315, 2016 WL 3884706, at *2 (S.D.N.Y. July 12, 2016) ("[T]he three-month deadline contained in 9 U.S.C. § 12 is not subject to extension."). Thus, a "party may not raise a motion to vacate . . . an arbitration award after the three month period has run." *Barclays Cap. Inc.*, 2016 WL 3884706, at *2 (internal quotation marks and citation omitted).

Here, the Panel issued the Award on August 24, 2020. ECF No. 4-1. Under § 12 of the FAA, the "clock starts ticking the same day that an award is delivered or filed, not the day after." *Anglim*, 2017 WL 543245, at *7 (internal quotation marks, citation, and alterations omitted). As such, Petitioners' time to serve Respondents with notice of their motion to partially vacate the Award expired on November 24, 2020. Petitioners failed to do so. ECF Nos. 14–17, 19–20, 28, 32.

The Court rejects Petitioners' argument that electronic service of the petition on Griggs was valid because of the prior conduct between the parties in related proceedings. Pet. Opp'n at 1–2, ECF No. 51. Section 12 of the FAA is clear that:

> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the

marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 12.

The Second Circuit has held that, absent express written consent to electronic service, service by email is insufficient. *Martin v. Deutche Bank Sec., Inc.,* 676 F. App'x 27, 29 (2d Cir. 2017); *see also* Fed. R. Civ. P. 5 advisory committee's note to 2001 amendment ("The consent must be express, and cannot be implied from conduct."); *Dalla-Longa v. Magnetar Cap. LLC*, No. 19 Civ. 11246, 2020 WL 4504901, at *1 (S.D.N.Y. Aug. 4, 2020) ("Respondent did not consent in writing to service by email, and therefore Petitioner's service of notice of the Petition was improper under Rule 5"). And Petitioners concede that they had not received written consent from Griggs to electronic service of the petition on November 23, 2020. Pet. Opp'n at 17–19.

Similarly, the Court declines to excuse petitioners' defective service. *Id*. at 3. Here, Petitioners' reliance on *In re InterCarbon Bermuda, Ltd. & Caltex Trading & Transport Corp.*, is unavailing. 146 F.R.D. 64, 68 (S.D.N.Y. 1993). As the court in *Dalla-Longa v. Magnetar Cap. LLC* reasoned, *InterCarbon* involved service upon a foreign party, for which § 12 "provides no method of service." *Dalla-Longa*, 2020 WL 4504901, at *4 (quoting *In re InterCarbon Bermuda, Ltd. & Caltex Trading & Transport Corp.*, 146 F.R.D. at 67); *see also Vidaplan, S.A., Inc. v. Cipriani Int'l, S.A.*, No. 06 Civ. 4930, 2006 WL 8461283, at *6 (S.D.N.Y. Aug. 7, 2006) (excusing defective service on a foreign corporation). In this case, however, "[§ 12] is applicable and the methodology of proper service is clear." *Dalla-Longa*, 2020 WL 4504901, at *4.

Finally, the Court declines to excuse improper service on the ground that the MTD Respondents have not shown prejudice or delay. *Id*. at 20–23. As this Court has already explained, "because the action to enforce or vacate an arbitration award is a 'creature of statute'

6

and unknown in the common law, 'there is no common law exception to the three month limitations period on the motion to vacate.'" *Milberg LLP v. HWB Alexandra Strategies Portfolio*, No. 19 Civ. 4058, 2020 WL 3833829, at *4 (S.D.N.Y. July 8, 2020) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984)).  Thus, equitable relief is unavailable.

Accordingly, the petition as to the MTD Respondents must be dismissed under Rule 12(b)(6).

II.     Rules 12(b)(4) and (5)

Because the Court has granted the MTD Respondents' motion to dismiss under Rule 12(b)(6), it need not address the MTD Respondents arguments under Rules 12(b)(4) and (5).

## CONCLUSION

For the foregoing reasons, the MTD Respondents' motion to dismiss is GRANTED, and dismissed as to the MTD Respondents.  The Clerk of Court is directed to terminate the motion at ECF No. 46.

SO ORDERED.

Dated: August 4, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge