UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER L. MALKIN; ANTHONY E.
MALKIN; THOMAS N. KELTNER, JR;
AND ESRT MH HOLDINGS L.L.C.,

                              Petitioners,

                    -against-

VIRGINIA SHASHA AND VIVIENNE PERO, CO-
TRUSTEES OF THE VIOLET SHUKER SHASHA
TRUST; DANIELLE P. BARGER, TRUSTEE OF
THE EDELMAN FAMILY DECEDENT'S TRUST;
LAURENCE ADLER AND SHIRLEY ADLER,
TRUSTEES OF THE ADLER FAMILY TRUST;
MYRNA JOY EDELMAN, TRUSTEE OF THE
2006 GILBERT M. EDELMAN INTER VIVOS
TRUST; EMPIRE STATE LIQUIDITY FUND,
LLC; MARY JANE FALES; MELVYN H.
HALPER; PHYLLIS J. HALPER; AND WENDY S.
TAMIS,

                            Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2021

20 Civ. 9874 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       Petitioners, Peter L. Malkin, Anthony E. Malkin, Thomas N. Keltner, Jr., and ESRT MH

Holdings L.L.C., bring this proceeding under the Federal Arbitration Act (the "FAA"), 9 U.S.C.

§§ 9–10, to vacate in part and otherwise confirm an arbitration award (the "Award") issued by

the American Arbitration Association, resolving a dispute between them and Respondents,

Virginia Shasha and Vivienne Pero, Co-Trustees of the Violet Shuker Shasha Trust, Laurence

Adler and Shirley Adler, Trustees of the Adler Family Trust, Myrna Joy Edelman, Trustee of the

2006 Gilbert M. Edelman Inter Vivos Trust, Empire State Liquidity Fund, LLC, Mary Jane

Fales, Melvyn H. Halper, Phyllis J. Halper, Wendy S. Tamis (collectively, the "MTD

Respondents"), and Danielle P. Barger, Trustee of the Edelman Family Decedent's Trust.  Pet. at

1–2, ECF No. 1.  On August 4, 2021, the Court granted the MTD Respondents' motion to

dismiss the petition due to insufficient service of process.  ECF No. 58.  Petitioners now move

for partial reconsideration of that decision pursuant to Local Civil Rule 6.3.  ECF No. 59.  For

the reasons stated below, Petitioners' motion is DENIED.

## DISCUSSION

I.    Legal Standard

Petitioners bring their motion for reconsideration under Local Civil Rule 6.3.  Rule

6.3 provides that a "notice of motion for reconsideration or reargument of a court order

determining a motion . . . shall be served with . . . a memorandum setting forth concisely the

matters or controlling decisions which counsel believes the Court has overlooked."  Thus, "to be

entitled to reargument and reconsideration, the movant must demonstrate that the Court

overlooked controlling decisions or factual matters that were put before it on the underlying

motion."  *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001).  The movant must also

demonstrate that the controlling law or factual matters "might reasonably be expected

to alter the court's decision."  *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342

(S.D.N.Y. 2002).  Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid

repetitive arguments on issues that have been considered fully by the Court."  *Dietrich*, 198

F.R.D. at 399.  And motions for reconsideration are "committed to the sound discretion of the

district court."  *Immigrant Def. Project v. U.S. Immigr. and Customs Enf't*, No. 14 Civ. 6117,

2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017).

II.    Analysis

The Petition sought to vacate in part, and otherwise confirm the Award.  Pet. at 1.

Petitioners ask the Court to reconsider its dismissal with respect to the MTD Respondents of that

portion of the Petition which sought to confirm the remainder of the Award, contending that the

FAA requires courts to confirm an arbitration award "unless it is vacated, modified, or corrected

as prescribed."  Pet. Mem. at 3, ECF No. 60.  However, at the time of filing their motion for

partial reconsideration, Petitioners' request to confirm the balance of the Final Award was pending before the Court, ECF No. 37.  On September 27, 2021, the Court confirmed the Award in full, ECF No. 62.  Accordingly, Petitioners' motion for partial reconsideration is denied as moot.  *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999).

## CONCLUSION

For the reasons stated above, Petitioners' motion for partial reconsideration is DENIED as moot.  The Clerk of Court is directed to terminate the motion at ECF No. 59, and to close the case.

SO ORDERED.

Dated:  September 27, 2021
        New York, New York

ANALISA TORRES
United States District Judge